UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MICHAEL CURTIS LONG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.:  2:13-cv-272; 2:07-cr-92(1) |
| | ) | *Greer/ Inman* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This *pro se* federal inmate's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 is before the Court to consider Petitioner's response to an order, directing him to show cause as to why his § 2255 motion should not be dismissed as untimely filed, (Doc. 23).[1]  Petitioner offers several reasons as to why extraordinary circumstances exist in his case and call for equitable tolling.

As noted in the show cause order, (Doc. 20), equitable tolling applies only where a petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing.  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010),

The first of the purported extraordinary circumstances to which Petitioner points is systemic deficiencies in the Bureau of Prisons—a system which he describes as a

---

[1]  All citations to the record refer to Petitioner's criminal file.

massively-overcrowded, warehousing scheme of shuffling prisoners thither and yon for months or even years at a time before an inmate arrives at his ultimate designated facility and before his legal material catch up to him.  Petitioner maintains that this happened to him, but he has made no specific allegations as to when, how, or where it happened.  Therefore, his allegations are conclusory and do not show an extraordinary circumstance sufficient to excuse the untimely filing of his § 2255 motion.

Petitioner also suggests that the ineffective assistance he received from his counsel amounts to a miscarriage of justice.  Petitioner's underlying premise is that his attorney allowed him to enter a knowing guilty plea to a 51-month federal sentence, even though federal jurisdiction was lacking, since he was only supposed to be sentenced to a 90-day state sentence.  Even if the Court understood Petitioner's circumlocutory reasoning, a garden variety attorney error, such as that presented here, does not qualify as an extraordinary circumstance.  *See Holland*, 560 U.S. at 651-652 (finding that run-of-the-mill attorney error does not amount to an extraordinary circumstance but that sufficiently egregious attorney misconduct can constitute such a circumstance).

The remaining arguments contained in Petitioner's response concern his claim of actual innocence.  Those arguments were reviewed and rejected in the Court's prior order and the Court sees no need to revisit them here.

Petitioner has failed to show cause and this § 2255 motion will be dismissed, by separate order, as untimely. The Court **FINDS**, in view of the basis for the dismissal, that Petitioner has failed to make a substantial showing of the denial of a constitutional right

2

Case 2:07-cr-00092-JRG-DHI   Document 24   Filed 10/31/14   Page 2 of 3   PageID #: 65

because jurists of reason would not debate the correctness of the procedural ruling disposing of this motion. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE